IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **SIMEON AMES,** on Behalf of Himself and on Behalf of Others Similarly Situated**,** § § § | | CA No._____ |
| Plaintiff, § | | |
| v. § | | JURY DEMANDED |
| § | | |
| **DW DIRECT, INC.** § | | |
| Defendant. § | | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### 1. SUMMARY

1.1. Defendant, DW DIRECT, INC. ("Defendant"), failed to pay Plaintiff, SIMEON AMES, ("Plaintiff") and its other cable technicians/installers overtime wages when they work/worked more than forty (40) hours in a workweek as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*. Defendant also makes improper deductions from Plaintiffs' wages in violation of the FLSA.

1.2 Plaintiff, Simeon Ames, and the similarly situated individuals he seeks to represent, are current and former employees and/or independent contractors of Defendant who worked as cable technicians/installers within the last three years (hereinafter referred to as "Class Members").

1.3 Defendant's pay practices and policies applied not only to Plaintiff, but also to all Class Members. Therefore, Plaintiff brings this suit on behalf of himself and other similarly situated cable technicians/installers.

### 2. JURISDICTION

2.1. This Court has federal question jurisdiction of this action under 28 U.S.C. §1331 as this

case is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b).

## 3. VENUE

3.1. Venue of this action is proper in this court, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## 4. PARTIES

4.1. Plaintiff, Simeon Ames, lives in the Southern District of Texas. Plaintiff is a current employee of Defendant and works as a cable technician/installer. His written consent to join this lawsuit is attached hereto as Exhibit 1.

4.2. The class of similarly situated employees consists of all cable technicians/installers who worked for Defendant within the last three years (hereinafter referred to as the "Class Members").

4.3. Defendant DW Direct, Inc. ("DW Direct") is an employer qualified to do business in Texas. Defendant DW Direct is liable as Plaintiff's "employer" under the FLSA to comply with the minimum and overtime wage provisions set forth herein. Defendant DW Direct can be served by, serving its Registered Agent for Service of Process, URS Agents Inc., 248 E. Capitol Street, Suite 840, Jackson, MS 39201.

## 5. FLSA COVERAGE

5.1 At all times relevant to this dispute, Defendant is an enterprise within the meaning of the FLSA. 29 U.S.C. §203(r).

5.2 At all times relevant to this dispute, Defendant is an enterprise that engages in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §203(s)(1).

5.3 At all times relevant to this dispute, Defendant had/has annual gross sales in excess of $500,000.00.

5.4 At all times relevant to this dispute, Plaintiff and the Class Members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §207.

## 6. BACKGROUND FACTS

6.1 Defendant DW Direct is cable installation company.

6.2 Plaintiff works as a cable technician/installer for Defendant DW Direct. He has been employed and/or worked for Defendant since November 2013.

6.3. From November 2013 to approximately, July 2015 Plaintiff was classified as an independent contractor by Defendant. He did not receive overtime compensation however he was expected to work over forty (40) hours per week (and did in fact work over forty (40) hours per week) during that time period.

6.4 After about July 2015, Defendant changed Plaintiff's classification to employee and began paying Plaintiff as a W2 employee. However, nothing else about Plaintiff's job duties changed.

6.5 The other cable technicians/installers that Plaintiff works with also work/worked over forty (40) hours per week and did not receive overtime compensation in accordance with the FLSA.

6.3 Due to the high volume of work, Plaintiff was often required to work long hours (over 40 hours per work week). Defendant was aware that Plaintiff and the Class Members work/worked over forty hours per work week to meet Defendant's business needs.

6.4 Defendant dictates what hours Plaintiff works, provided the tools for him to do his job,

3

told him what work he is required to complete and the specifications on how the work was to be completed. On multiple weeks during his employment over the last three (3) years Plaintiff worked from 20-35 hours over 40 hours per work week.

6.5   Defendant controlled all the conditions of Plaintiff's employment. Defendant determined Plaintiff's pay rate, the schedule he worked, and the policies and procedures Plaintiff and the other Class Members are/were required to follow.

6.6   Defendant also required Plaintiff and the Class Members to fill out a timesheet recording the hours they work on a daily basis. However, when Plaintiff and the Class Members record over forty (40) hours per work week and submit that on their timesheet, they are instructed by Defendant to revise the timesheet to reflect only forty (40) hours per work week.

6.7   As a cable technician/installer, Plaintiff's primary duties include, completing work orders for DirectTV customers classified as an install, upgrade or service call. Plaintiff and the Class Members also have to go to Defendant's warehouse in order to pick up equipment that will be installed in customer's homes.

6.8   Plaintiff and the Class Members do/did not have the authority to make unilateral decisions regarding the work assigned by Defendant. Plaintiff and the Class Members cannot arbitrarily make changes to anything without Defendant's approval.

6.9   Plaintiff and Class Members do/did not have authority to hire or fire any of Defendant's employees and do not have authority to set pay.

6.10  As cable technicians/installers, Plaintiff and Class Members regularly work/worked more than forty (40) hours per workweek. Neither he nor any of the other Class Members had authority to (nor did they): manage an enterprise, hire or fire other employees, set the pay

rates of other employees, create policies or procedures to govern Defendant's employees, handle employee grievances, determine the type of equipment or materials that Defendant could use in its operations, enter into contracts on behalf of Defendant or otherwise have operational control over Defendant's business operations and practices. Moreover, Plaintiff and the Class Members did not perform office or non-manual work directly related to the management or general business operations of Defendant or its customers, nor did they exercise discretion and independent judgment with respect to matters of significance in the conduct of Defendant's business.

6.11 Plaintiff and the Class Members are subject to a single policy and pay plan that they are paid the same amount no matter how many hours they work based on a piece rate system designated by Defendant.

6.12 Plaintiff and the Class Members were at all times "non-exempt" employees and eligible to receive overtime pay pursuant to Section 207 of the FLSA.

6.13 Defendant improperly classified Plaintiff and the Class Members as independent contractors from November 2013 to about July 2015. Even after converting Plaintiff and the Class Members to employees, Defendant still fails to pay Plaintiff overtime wages in accordance with the FLSA.

6.14 Plaintiff and the Class Members worked/work over forty hours per work week and Defendant fails/failed to pay Plaintiff and the Class Members any overtime compensation.

6.15 Defendant also made improper deductions from Plaintiff's wages for purported damage claims brought against Defendant by one of its customers and/or chargebacks for "boxes" that are over fifty-five (55) days old. Without written or verbal authorization, Defendant

has deducted approximately $300.00 per pay check from Plaintiff's earned wages beginning on or about September 18, 2017 and continuing to the present. The chargebacks range from approximately $50.00 to $200.00 per box. Plaintiff is aware of other cable technicians/installers who are also subject to deductions for purported damage claims and chargebacks for boxes that are over fifty-five (55) days old.

6.15   During his employment, there were approximately 102 cable technicians/installers working for Defendant at any given time in the Houston, Texas area and approximately 500 cable technicians/installers throughout the United States who were/are subject to the same pay policy/plan described herein, work/worked overtime hours, and were/are not compensated in accordance with the FLSA by Defendant. Plaintiff is also aware of other cable technicians/installers who worked for Defendant in other states including but not limited to New York, St. Louis, Kentucky, West Virginia, Louisiana, Florida, Tennessee and California. Throughout Plaintiff's employment, Plaintiff was aware of multiple other individuals who worked as cable technicians/installers and were not compensated in accordance with the FLSA for hours worked in excess of forty-hours per work week.

## 7. COLLECTIVE ACTION ALLEGATIONS

7.1   Plaintiff brings this suit as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and all other persons employed by Defendant as cable technicians/installers within three (3) years from the filing of this suit who, like Plaintiff, (1) have not been compensated for all hours worked (2) have not been compensated at one and a half times their regular rate of pay for all hours worked in excess of forty (40) in a single work week and/or (3) have been subjected to improper deductions from their earned wages in violation of the FLSA.

7.2  Defendant classified/classifies and paid/pays all of its cable technicians/installers in the manner described above. Defendant maintained a common pay practice or policy and the Class Members are similarly situated to Plaintiff.

7.3  Defendant's cable technicians/installers all performed the same/similar essential job functions and duties of completing work orders for DirectTV customers classified as an install, upgrade or service call and going to Defendant's warehouse in order to pick up equipment that will be installed in customer's homes, notwithstanding the fact that one employee might have more tenure or experience than another employee in the same or similar position. Therefore, the Class Members are similarly situated to Plaintiff.

7.4  The damages for each individual can easily be calculated using the same methodology and formula although the exact amount of the damages may vary.

7.5  Defendant possesses the names and addresses of Class Members in its records. The Class Members should be allowed to receive notice about this lawsuit and given an opportunity to join. Like Plaintiff, these similarly situated workers are entitled to recover their unpaid wages, overtime wages, liquidated damages, attorneys' fees and other damages. Therefore, notice is appropriately sent to the following class:

> **All cable technicians/installers that worked for Defendant at any time from [three years before date of mailing of Notice and Consent] up to [the date of mailing of Notice and Consent].**

## 8. CAUSES OF ACTION

8.1  Plaintiff incorporates the allegation in the preceding paragraphs.

8.2  Defendant misclassified Plaintiff and the Class Members as independent contractors (for a portion of the relevant time period), failed to pay them wages for all hours worked, subjected them to improper wage deductions and/or failed to pay them overtime wages

7

required by the FLSA for all hours worked over forty (40) hours per work week.

8.3  Defendant's failure to pay overtime wages and/or wages earned to Plaintiff and the Class Members in accordance with the FLSA was willful as that term is defined by Section 255(a) and was not based on a good faith belief that its conduct complied with the FLSA. Therefore, the three (3) years statute of limitations period applies to Plaintiff's and the Class Members' damages in this case.

8.4  Plaintiff and the Class Members are entitled to wages for all hours worked, overtime wages for all hours worked in excess of forty (40) in a workweek, an amount equal to all of their unpaid wages as liquidated damages, as well as their reasonable and necessary attorneys' fees and costs of this action. 29 U.S.C. §216(b).

## 9. JURY DEMAND

9.1  Plaintiff hereby demands a trial by jury.

## 10. PRAYER

10.1  Plaintiff respectfully requests that judgment be entered against Defendant, awarding him and all similarly situated employees:

10.1.1  Unpaid wages for all hours work during the period specified herein.

10.1.2  Overtime compensation for all hours worked in excess of forty (40) per work week at the rate of one and a half times his regular rate of pay;

10.1.3  An equal amount of liquidated damages;

10.1.4  Order Defendant to pay reasonable costs and attorney's fees in this action; and,

10.1.5  Order and grant such other relief as is proper and just.

                                            Respectfully Submitted,

                                            ***/s/ Gregg M. Rosenberg***
                                            Gregg M. Rosenberg
                                            USDC SD/TX No. 7325
                                            Texas State Bar ID 17268750
                                            gregg@rosenberglaw.com
                                            Tracey D. Lewis
                                            USDC SD/TX No. 212007
                                            Texas State Bar ID 24090230
                                            tracey@rosenberglaw.com
                                            ROSENBERG & SPROVACH
                                            3518 Travis Street, Suite 200
                                            Houston, Texas 77002
                                            (713) 960-8300
                                            (713) 621-6670 (Facsimile)

                                            Attorney-in-Charge for Plaintiff

OF COUNSEL:
ROSENBERG & SPROVACH                            ATTORNEYS FOR PLAINTIFF